UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAY BRODSKY,

                Plaintiff,

-against-

UBER TECHNOLOGIES INC.; DOE DEFENDANTS,

                Defendants.

18-CV-11545 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*. In an order dated and entered on January 18, 2019, this Court ordered the Clerk of Court to transfer this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.[1] The Clerk of Court electronically transferred this action to the Eastern District of New York on January 25, 2019. On February 4, 2019, Plaintiff filed a "Transfer Venue Request" in this Court in which he requests that this Court transfer this action to the United States District Court for the Northern District of California. (ECF No. 4.)[2] For the reasons discussed below, this Court denies Plaintiff's request.

    Generally, the transfer of an action divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that the district court did not have jurisdiction to rule on a motion following physical transfer of the action); *Lothian Cassidy, LLC, v. Lothian Exploration & Dev. II, L.P.*, 89 F. Supp. 3d 599, 600-01 (S.D.N.Y. 2015). The transferor court only retains jurisdiction over the action if the party seeking review of the transfer

---

[1] On January 22, 2019, the Clerk of Court mailed a copy of that order to Plaintiff.

[2] On March 29, 2019, after this Court transferred this action to the Eastern District of New York, Plaintiff filed a "Notice of Withdrawal Without Prejudice" in that court. *See Brodsky v. Uber Techs., Inc.*, No. 19-CV-0177 (ECF No. 9). On April 11, 2019, the Eastern District of New York terminated the action. *Id.* (ECF No. 10).

makes a request for review "prior to receipt of the action's papers by the clerk of the transferee court . . . ." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see Emblaze Ltd. v. Apple Inc.*, No. 10-CV-5713 (PKC), 2011 WL 2419802, at *1 (S.D.N.Y. June 3, 2011) (quoting *Warrick*, 70 F.3d at 739). Accordingly, "a party opposing the transfer of a case must preserve his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect." *Williams v. United States*, Nos. 09-CV-2179, 00-CR-1008 (NRB), 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 2015) (citing *Warrick*, 70 F.3d at 739), *appeal dismissed*, Nos. 13-1095 (L), 15-2791 (Con) (2d Cir. Mar. 16, 2016). The Second Circuit has recognized an exception to this rule in circumstances in which an action is "hastily" transferred to a district court outside of the Circuit because such a transfer deprives a litigant of the opportunity to seek *mandamus* relief from the Court of Appeals for the Circuit of the transferor court. *See Warrick*, 70 F.3d at 739-40. But this action was not transferred to a district court outside of the Second Circuit and Plaintiff has not sought *mandamus* relief.

The Court must deny Plaintiff's request because the Court lacks jurisdiction to consider it, and because it is moot. On January 25, 2019 – seven days after the Court ordered the Clerk of Court to transfer this action – the Clerk electronically transferred this action to the Eastern District of New York and that court acknowledged receipt.[3] Plaintiff filed his "Transfer Venue Request" on February 4, 2019, ten days later. Because Plaintiff filed his request in this Court after the Eastern District of New York received this action, this Court lacks jurisdiction to consider the request, and therefore denies it. Moreover, because Plaintiff withdrew his action

---

[3] Under Local Civil Rule 83.1 of this Court, the Clerk of Court, "unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of [an action] to the transferee court."

2

from the transferee court after it was transferred, this Court also denies Plaintiff's request as moot.

## CONCLUSION

The Court denies Plaintiff's request to transfer this action to the United States District Court for the Northern District of California. (ECF No. 4.) The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 3, 2019
       New York, New York

                                                  COLLEEN McMAHON
                                            Chief United States District Judge